UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY NEFF, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| v. | ) C.A. NO. |
| | ) |
| STANDARD INSURANCE COMPANY | ) |
| | ) |
| Respondent. | ) |

## COMPLAINT

Now comes the Plaintiff, Gary Neff, by and through his undersigned attorneys, and hereby brings this action against Defendant Standard Insurance Company ("Standard"), and as for his cause of action, states as follows:

## JURISDICTION

1.  Plaintiff alleges that his claims "relate to" an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1001 et. Seq., and that the subject plan constitutes a "plan under ERISA." Therefore, Plaintiff alleges that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e).

2.  Venue is proper within the District of Massachusetts pursuant to 29 U.S.C. § 1132(e)(2) because the acts complained of have occurred within this District.

## PARTIES

3.  Plaintiff is, and at all relevant times was, a resident of the Commonwealth of Massachusetts.

4.  Plaintiff alleges upon information and belief that Defendant Standard Insurance Company is, and at all relevant times, was, an Oregon based insurance company authorized to transact and transacting the business of insurance in Massachusetts.

**FACTUAL BACKGROUND**

5.     On or about March 28, 2007, Plaintiff became an employee of IGS Millwork, Inc. ("IGS").

6.     On or about April 27, 2007, consistent with the terms of his employment contract with IGS, Plaintiff became insured under a Long Term Disability Policy underwritten by Unum Life Insurance Company of America (the "Unum Plan").

7.     During June of 2007, Plaintiff began to experience a series of respiratory difficulties, including recurrent pneumonia, for which he consulted with several doctors and specialists in both Massachusetts and Pennsylvania.

8.     During October of 2007, Plaintiff was diagnosed with pulmonary fibrosis and / or interstitial lung disease.  This was the first time Plaintiff had been diagnosed with this condition.

9.     On April 15, 2008, IGS terminated its group coverage under the Unum Plan and enrolled its employees in a disability plan underwritten by Standard (the "Standard Plan").

10.     The Standard Plan contained a clause titled "Continuity of Coverage" which provided, in part, that the Unum Plan disability benefits would be payable if:  (1) Plaintiff was insured under the Unum Plan on the day before the effective date of the Standard Plan, (2) Plaintiff became insured under the Standard Plan when coverage under the Unum Plan ceased, (3) Plaintiff was continuously insured under the Standard Plan from the effective date of the insurance of the Standard Plan through the date that he became disabled from a condition preexisting the Standard Plan, and (4) benefits would have been payable under the terms of the Unum Plan if it had remained in effect.

11.     On June 3, 2008, Plaintiff filed a claim for long term disability benefits under the Standard Plan, listing his medical condition as suffering from "idiopathic pulmonary fibrosis."

12.     On or about August 29, 2008, Standard denied Plaintiff's claim on the basis that his disability was subject to the "Pre-Existing Condition" clause.  See **Exhibit 1**, attached hereto.

13.     On February 23, 2009, Plaintiff appealed Standard's decision denying Plaintiff's claim for disability.  The basis of Plaintiff's appeal was that Plaintiff's disability was covered under the Unum Plan, per the Standard Plan's "Continuity of Coverage" provision, and that the Standard Plan's "Pre-Existing Condition" clause did not apply.

14.     On February 24, 2009, Standard reaffirmed its denial of Plaintiff's claim for disability but forwarded Plaintiff's claim to its Quality Assurance Unit for further review.  See **Exhibit 2**, attached hereto.

15.     On May 22, 2009, Standard again denied Plaintiff's claim for benefits and Plaintiff's appeal, closed the administrative record, and determined that all administrative remedies had been exhausted.  See **Exhibit 3**, attached hereto.

## CAUSE OF ACTION FOR RECOVERY OF
## PLAN BENEFITS, PURSUANT TO 29 U.S.C. § 1132(A)(1)(B)

16.     Plaintiff restates each allegation contained above, as if fully stated herein.

17.     Under the terms of the Unum Plan, Standard agreed to provide Plaintiff with long term disability benefits.

18.     Standard failed to provide benefits to Plaintiff under the Unum Plan; and its denial of benefits to Plaintiff constituted a breach of the Unum Plan.

19.     Plaintiff seeks reimbursement and compensation for any and all benefits that he would have received under the Unum Plan but for Standard's failure to provide coverage.

20.     As a direct and proximate result of the conduct of Standard in failing to provide coverage and pay benefits, Plaintiff has been damaged in an amount equal to the amount of benefits to which Plaintiff would have been entitled under the terms of the Unum Plan, plus

interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

## CAUSE OF ACTION FOR AWARD OF ATTORNEYS' FEES AND COSTS, PURSUANT TO 29 U.S.C. § 1132(G)(1)

21. Plaintiff restates each allegation contained above, as if fully stated herein.

22. 29 U.S.C. § 1132(g)(1) authorizes this Court to award reasonable attorneys' fees and costs to either party in an ERISA action.

23. As a result of the actions and failings of Standard, Plaintiff has retained the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action.

24. Further, Plaintiff anticipates incurring additional attorneys' fees and costs in hereafter pursuing this action, all in a final amount which is currently unknown.

25. Plaintiff therefore requests and award of reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. For a declaration regarding Standard's noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

B. For past benefits payable under the Unum Plan that Plaintiff was entitled to receive;

C. For future benefits payable under the Unum Plan that Plaintiff may be entitled to receive;

D. For award of prejudgment interest;

E. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1);

4

F.       For costs incurred; and

G.      For such other and further relief as the Court deems appropriate.

Respectfully submitted,
Gary Neff
by his attorneys

/s/ Gordon N. Schultz
Gordon N. Schultz (BBO #447600)
gs@schultzcolaw.com

/s/ Michael D. Williams
Michael D. Williams (BBO #654149)
mw@schultzcolaw.com

Schultz & Company
225 Franklin St., Suite 2600
Boston, MA 02110-2817
(T) 617.723.9090
(F) 617.723.9095

Dated: March 5, 2010