# EXHIBIT "1"



August 29, 2008

GARY NEFF
8221 KIRKBRIDE DRIVE
DANVERS, MA 01923

Re:  IGS Store Fixtures Inc
     Group No.      144947
     Claim No.      00VD3798

Dear Mr. Neff:

We are writing in regard to your Long Term Disability (LTD) claim with The Standard Benefit Administrators on behalf of Standard Insurance Company (The Standard), Claims Administrator of the IGS Store Fixtures Inc Group Policy.

As we explained in our letter of July 23, 2008, the Group Policy requires us to investigate whether your present condition was caused or contributed to by a Preexisting Condition. We have completed our investigation and determined that your present condition was caused or contributed to by a Preexisting Condition. Therefore, we must deny your claim.

The IGS Store Fixtures Group Policy defines Preexisting Condition as follows:

**C. *Preexisting Condition***

*1. Definition*

*Preexisting Condition means a mental or physical condition whether or not diagnosed or misdiagnosed:*

*a. For which you have done or for which a reasonably prudent person would have done any of the following:*

*i. Consulted a physician or other licensed medical professional;*

*ii. Received medical treatment, services or advice;*

*iii. Undergone diagnostic procedures, including self administered procedures;*

*iv. Taken prescribed drugs or medications;*

GARY NEFF                                       2                              August 29, 2008

b. Which, as a result of any medical examination, including routine examination, was discovered or suspected; at any time during the 90 day period just before your insurance becomes effective.

2. Exclusion

You are not covered for a Disability caused or contributed to by a Preexisting Condition or medical or surgical treatment of a Preexisting Condition unless, on the date you become Disabled, you:

a. Have been continuously insured under the Group Policy for 12 months; and

b. Have been Actively At Work for at least one full day after the end of that 12 months.

**CONTINUITY OF COVERAGE**

If your Disability is subject to the Preexisting Condition Exclusion LTD Benefits will be payable if:

1. You were insured under the Prior Plan on the day before the effective date of your Employer's coverage under the Group Policy;

2. You became insured under the Group Policy when your insurance under the Prior Plan ceased;

3. You were continuously insured under the Group Policy from the effective date of your insurance under the Group Policy through the date you became Disabled from the Preexisting Condition; and

4. Benefits would have been payable under the terms of the Prior Plan if it had remained in force, taking into account the preexisting condition exclusion, if any, of the Prior Plan.

For such a Disability, the amount of your LTD Benefit will be the lesser of:

a. The monthly benefit that would have been payable under the terms of the Prior Plan if it had remained in force; or

b. The LTD Benefit payable under the terms of the Group Policy, but without application of the Preexisting Condition Exclusion.

Your LTD Benefits for such a Disability will end on the earlier of the following dates:

PO Box 5031  White Plains NY 10602-5031  tel 800.426.4332
The Standard Benefit Administrators

GARY NEFF                                    3                              August 29, 2008

a. The date benefits would have ended under the terms of the Prior Plan if it had remained in force; or

b. The date LTD Benefits end under the terms of the Group Policy.

In addition, your Group Policy defines Disability as:

*You are Disabled if you meet the following definitions during the periods they apply:*

*A. Own Occupation Definition Of Disability*

*B. Any Occupation Definition Of Disability*

*A. Own Occupation Definition Of Disability*

*During the Benefit Waiting Period and the Own Occupation Period you are required to be Disabled only from your Own Occupation.*

*You are Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder:*

*1. You are unable to perform with reasonable continuity the Material Duties of your Own Occupation; and*

*2. You suffer a loss of at least 20% in your Indexed Predisability Earnings when working in your Own Occupation.*

*Note: You are not Disabled merely because your right to perform your Own Occupation is restricted, including a restriction or loss of license.*

*During the Own Occupation Period you may work in another occupation while you meet the Own Occupation Definition Of Disability. However, you will no longer be Disabled when your Work Earnings from another occupation meet or exceed 80% of your Indexed Predisability Earnings. Your Work Earnings may be Deductible Income. See Return To Work Provisions and Deductible Income.*

*Own Occupation means any employment, business, trade, profession, calling or vocation that involves Material Duties of the same general character as the occupation you are regularly performing for your Employer when Disability begins. In determining your Own Occupation, we are not limited to looking at the way you perform your job for your Employer, but we may also look at the way the occupation is generally performed in the national economy. If your Own Occupation involves the rendering of professional services and you are required to have a*

PO Box 5031  White Plains NY 10602-5031  tel 800.426.4332
The Standard Benefit Administrators

GARY NEFF 4 August 29, 2008

*professional or occupational license in order to work, your Own Occupation is as broad as the scope of your license.*

*Material Duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an average of more than 40 hours per week to be a Material Duty.*

B. Any Occupation Definition Of Disability

*During the Any Occupation Period you are required to be Disabled from all occupations.*

*You are Disabled from all occupations if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of Any Occupation.*

*Any Occupation means any occupation or employment which you are able to perform, whether due to education, training, or experience, which is available at one or more locations in the national economy and in which you can be expected to earn at least 60% of your Indexed Predisability Earnings within 12 months following your return to work, regardless of whether you are working in that or any other occupation.*

*Material Duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an average of more than 40 hours per week to be a Material Duty.*

*Your Own Occupation Period and Any Occupation Period are shown in the Coverage Features.*

The information in your claim file indicates that your date of hire was March 28, 2007. Insurance under this Group Policy became effective April 15, 2008. You have claimed Disability as of June 3, 2008.

Because your insurance had not been in force for 12 consecutive months as of June 3, 2008, we investigated whether you received medical treatment or services, prescribed drugs or medications, or medical consultations during the 90 day period prior to the date your insurance became effective. This 90 day period runs from January 16, 2008 through April 14, 2008. Additionally, we reviewed the provisions of the Prior Plan with Unum. Based on your date of hire, you became insured under the Prior Plan on April 27, 2007. The Prior Plan also has a Preexisting provision. The Preexisting period under the Prior Plan is the 6 months prior to your effective date. Therefore, we also needed to investigate the period of October 27, 2006 through

PO Box 5031 White Plains NY 10602-5031 tel 800.426.4332
The Standard Benefit Administrators

GARY NEFF 5 August 29, 2008

April 26, 2007.

**Medical Summary**

According to the Attending Physician's statement completed by Dr. Barry W Levine on June 28, 2008 you are claiming disability due to Pulmonary Fibrosis.

To consider your claim for benefits, we requested medical records for the period October 21, 2005 through the present. Records were requested from Dr. Barry W Levine, Dr. Steven Barrett, Dr. Bruce Barlam and Dr Adam N Strozier.

The records received from Dr. Barlam and Dr. Strozier did not contain documentation of treatment during either of the preexisting periods.

During the October 27, 2006 through April 27, 2007 preexisting period, you had the following office visits:
The records from Dr. Barrett included copies of records from Dr. Richard Shusterman, (Pulmonologist). You had a pulmonology evaluation with Dr. Shusterman, just prior to the preexisting period, on October 20, 2006. It was noted that you had pneumonia for the past two months. Dr. Shusterman ordered a complete pulmonary function tests and indicated that he could not exclude an ongoing interstitial process.

You had a pulmonary follow-up with Dr. Shusterman on November 3, 2006. It was noted that your pneumonia was improved. He indicated that he still could not exclude the possibility of brochiolitis obliterans with organizing pneumonia, sarcoid or idiopathic pulmonary fibrosis.

You saw Dr. Shusterman in subsequesnt follow-ups on December 8, 2006 and February 6, 2007. During this time repeat PFT's and Ct Scans were reviewed. Dr. Shusterman's impression was bilateral pulmonary infiltrates that remain of unclear etiology. He recommended that you have a repeat high resolution CT scan.

Just after the preexisting period ending April 26, 2007, you were seen again on May 1, 2007. This treatment note indicated that you had the repeat CT scan on April 30, 2007 and the impression was bilateral pulmonary infiltrates likely representing interstitial lung disease. Dr. Shusterman noted the findings were a bit atypical for idiopathic pulmonary fibrosis.

During the January 16, 2008 through April 14, 2008 preexisting period, you had the following office visits:
You were seen by Dr. Barrett, (family practice) on February 4, 2008. and presented with a cough for two days and medications were noted as Actonel, Xanax, Bactrim, Efexxor and Prednisone. Dr. Barrett indicated the diagnoses of interstitial pulmonary fibrosis and upper respiratory

PO Box 5031 White Plains NY 10602-5031 tel 800.426.4332
The Standard Benefit Administrators

infection. You were given inhalers and cough medication and a chest x-ray was ordered.

You also had an X-ray on February 4, 2008 that noted mid-lung infiltrates and a history of pulmonary fibrosis. You were seen again on February 7, 2008 with worsening symptoms and now being treated for pneumonia. By February 21, 2008, you were noted to be doing better and the diagnosis given was interstitial pulmonary fibrosis.

You were seen again in follow up with Dr. Barrett on February 28, 2008 with the complaint that the pneumonia was coming back. The diagnoses were noted as pneumonia and interstitial pulmonary fibrosis. Subsequently you were seen in follow up with Dr. Barrett on March 14, 2008 and March 22, 2008 for persistent cough and again the diagnosis of interstitial pulmonary fibrosis was noted.

You were seen by Dr. Levine, pulmonologist on January 2, 2008, just prior to the January 16, 2008 through April 14, 2008 preexisting period, the treatment note indicated that you had under gone an open lung biopsy in October 2007 which revealed interstitial fibrosis.

You were seen during this preexisting period by Dr. Levine on April 3, 2008. It was indicted that you continued with a significant cough. It was noted that your pulmonary function tests showed a 10% decline and that your pumonary condition was progressing. Dr. Levine recommended follow up testing in one month.

On April 14, 2008 you were seen in Dr. Barrett's office by Vicki Newman NP. You presented with a persistent cough and feeling of fluid in your lungs. The diagnosis noted was pneumonia and interstitial pulmonary fibrosis.

The treatment records during both preexisting periods noted that you were also treated for depression, anxiety and bipolar disorder and that you have a past medical history of hepititis C. The hepatitis c was noted to have been successfully treated. The medical records did not support that any of these conditions would present any restrictions and limitations that would preclude functional capacity.

Your file was referred to our medical department and reviewed by a board certified Internal Medicine Physician Consultant. The review concluded that you were seen and clearly evaluated for pulmonary interstitial fibrosis during the preexisting periods of October 27, 2006- through January 25, 2007 and January 16, 2008 through April 14, 2008. you had multiple visits as detailed above during both periods and the diagnosis of interstitial fibrosis was confirmed in the October 2007 lung biopsy.

Because you received treatment for Pulmonary Fibrosis during the 90 day period before your insurance became effective under the Group Policy and the 6 month period prior to you effective date under the Prior Plan, you do not meet the terms to be eligible for benefits under either the

PO Box 5031  White Plains NY 10602-5031  tel 800.426.4332
The Standard Benefit Administrators

Preexisting or Continuity of Coverage provisions. Therefore your claim LTD benefits has been denied.

The following is an explanation of your right to a review of our decision:

If you want us to review this claim and this decision you must send us a written request within 180 days after you receive this letter. If you request a review, you will have the right to submit additional information in connection with this claim. Additional information that would be helpful to a review would include but not limited to medical documentation to support the condition that you are currently claiming disability for was not caused or contributed to by the condition for which you received treatment during the pre-existing periods. Please include any such new information along with your request for review.

If you request a review, it will be conducted by an individual who was not involved in the original decision. If necessary, the person conducting the review will consult with a medical professional with regard to this claim. The medical professional will be someone who was not previously consulted in connection with this claim. The review would be completed within 45 days after we receive your request unless circumstances beyond our control require an extension of an additional 45 days.

If you request a review and the decision to deny this claim is upheld, you will have the right to file suit under Section 502(a) of the Employee Retirement Income Security Act (ERISA) or state law, whichever is applicable.

We want you to know that upon further investigation, other valid reasons for limiting or denying this claim, which have not been previously considered, could come to our attention. Therefore, The Standard reserves the right to consider and assert other reasons for limitation or denial of this claim should they occur in the future.

Please consult your Certificate of Insurance or Summary Plan document for a complete description of your rights under the terms of the IGS Store Fixtures Inc Group Policy.

If you have any questions about this letter or your claim, please write or call me.

Sincerely,

*Naomi P. Haughton*

Naomi Haughton
Senior Disability Benefits Analyst
800-426-4332 ext. 4443

# EXHIBIT "2"



**TheStandard**
Benefit Administrators

February 24, 2009

J. Elizabeth Packebusch, Esq
Schultz & Company Counselors at Law
40 Court Street Suite 700
Boston MA 02108

Re:   Gary Neff
      IGS Store Fixtures
      Group Policy: 144947
      Claim No.: 00VD3798

Dear Ms. Packebusch:

We are writing in regard to your client, Mr. Gary Neff's Long Term Disability (LTD) claim with The Standard Benefit Administrators on behalf of Standard Insurance Company (The Standard).

We received your letter on February 23, 2009 in which you have a requested a review of our decision to deny your Mr. Neff's claim.

It is stated in your letter that you have determined that our decision to deny benefits to Mr. Neff under the Pre-existing clause in the Prior plan, Unum contract was improper. You do acknowledge that Mr. Neff was treated during the period of review October 26, 2006 through April 27, 2007. However, a definitive diagnosis was not made until October 2007. You have included as Exhibit 1, a treatment note from Dr. Shusterman dated November 3, 2000. That note along with treatment notes from two subsequent visits with Dr. Shusterman on December 8, 2006 and February 6, 2007 were included in the records that we reviewed to make our determination.

The Group Policy contains the following provision:

**CONTINUITY OF COVERAGE**

If your Disability is subject to the Preexisting Condition Exclusion LTD Benefits will be payable if:

1. You were insured under the Prior Plan on the day before the effective date of your Employer's coverage under the Group Policy;

2. You became insured under the Group Policy when your insurance under the Prior Plan ceased;

3. You were continuously insured under the Group Policy from the effective date of your insurance under the Group Policy through the date you became Disabled from the Preexisting Condition; and

4. Benefits would have been payable under the terms of the Prior Plan if it had remained in force, taking into account the preexisting condition exclusion, if any, of the Prior Plan.

PO Box 5031
White Plains NY 10602-5031
tel 800.426.4332

The Standard Benefit Administrators — A subsidiary of StanCorp Financial Group, Inc.

For such a Disability, the amount of your LTD Benefit will be the lesser of:

a. The monthly benefit that would have been payable under the terms of the Prior Plan if it had remained in force; or

b. The LTD Benefit payable under the terms of the Group Policy, but without application of the Preexisting Condition Exclusion.

Your LTD Benefits for such a Disability will end on the earlier of the following dates:

a. The date benefits would have ended under the terms of the Prior Plan if it had remained in force; or

b. The date LTD Benefits end under the terms of the Group Policy.

**The Unum provision sates in part:**

### ... WHAT DISABILITIES ARE NOT COVERED UNDER YOUR PLAN?

Your plan does not cover any disabilities caused by, contributed to by or resulting from your:
...
-pre-existing condition
...

### WHAT IS A PRE-EXISTING CONDITION?

You have a pre-existing condition if:

-you received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the 6 months just prior to effective date of coverage; and
-the disability begins in the first 24 months after your effective date of coverage unless you have been treatment free for 12 consecutive months after your effective date.

As stated in our denial letter of August 29, 2009;

During the October 27, 2006 through April 27, 2007 preexisting period, Mr. Neff had the following office visits: a pulmonary follow-up with Dr. Shusterman on November 3, 2006. It was noted that his pneumonia was improved. Dr. Shusterman indicated that he still could not exclude the possibility of brochiolitis obliterans with organizing pneumonia, sarcoid or idiopathic pulmonary fibrosis. Mr. Neff saw Dr. Shusterman in subsequent follow-ups on December 8, 2006 and February 6, 2007. During this time repeat PFT's and Ct Scans were reviewed. Dr. Shusterman's impression was bilateral pulmonary infiltrates that remain of unclear etiology. He recommended that Mr. Neff have a repeat high resolution CT scan.

The records were reviewed by a board certified Internal Medicine Physician Consultant. The review concluded that Mr. Neff was seen and clearly evaluated for pulmonary interstitial fibrosis during the preexisting period of October 27, 2006- through January 25, 2007. Although, the diagnosis was not made at that time, the condition that he is claiming disability for was determined to be caused by, contributed to by, or resulting from the treatment and conditions that he had during the pre-existing period.

Therefore, we are reaffirming our decision to deny the claim.

Since you have requested a review, we will now forward Mr. Neff's file to the Quality Assurance Unit for an independent review. That review will also address the Massachusetts judicial precedent presented in your letter. The Benefits Review Specialist who will be reviewing the claim will soon contact you.

In the meantime, please feel free to contact me with questions or concerns.

Sincerely,

Naomi P Haughton
Senior Disability Benefits Analyst
1-800-348-3226 x 4443

# EXHIBIT "3"



May 22, 2009

SCHULTZ AND COMPANY
ATTN: J. ELIZABETH PACKEBUSCH
40 COURT STREET  SUITE 700
BOSTON  MA  02108

Re:   Gary Neff
      IGS Store Fixtures Inc.
      Group No. 144947
      Claim No. 00VD3798

Dear Ms. Packebusch:

We are writing in regard to Mr. Neff's Long Term Disability (LTD) claim with Standard Insurance Company (The Standard).

The Administrative Review Unit has completed the administrative review of The Standard's decision to deny Mr. Neff's LTD claim. This was an independent review, conducted separately from the individuals who made the original decision.

During the review of his claim, we read the information contained in his claim file. We had his file reviewed by a Physician Consultant, board-certified in internal medicine, who was not previously involved during the management of his claim. We applied the group policy provisions to his set of claim facts.

When the information is considered collectively, it supports that his interstitial pulmonary fibrosis was Preexisting under both Standard's and Unum's LTD policies. Thus, the correct decision was to deny his LTD claim.

This letter will explain and set forth our findings.

### Background

Mr. Neff claimed disability as of June 3, 2008 due to pulmonary fibrosis.

As explained in the letter of August 29, 2008, Mr. Neff's LTD claim was denied due to his pulmonary fibrosis being found Preexisting. You have since requested a review. In

900 SW Fifth Avenue
Portland OR 97204-1235
tel 888.937.4783

Standard Insurance Company — A subsidiary of StanCorp Financial Group, Inc.

your request for review dated February 23, 2009, you did not deny that pulmonary fibrosis was found to be Preexisting under The Standard's plan; however, you disagreed that his condition was found to be Preexisting under Unum's LTD policy. You stated that Mr. Neff's pulmonary fibrosis had not been affirmatively diagnosed during Unum's Preexisting exclusion period and therefore should be a covered condition.

## Preexisting Condition Provisions

Mr. Neff was hired on March 28, 2007 and his insurance under the Standard's Group Policy became effective April 15, 2008. He has claimed disability as of June 3, 2008.

Because his insurance was in effect for less than 12 consecutive months as of June 3, 2008, we had to determine if he received medical treatment or services, or took prescribed drugs or medications, during the 90-day period before his LTD insurance coverage became effective. That exclusion period was January 16, 2008 through April 14, 2008.

The Standard's Group Policy defines a Preexisting Condition, under the provision "Disabilities Excluded From Coverage," as follows:

"C.   *Preexisting Condition*

   1.   *Definition*

       *Preexisting Condition means a mental or physical condition whether or not diagnosed or misdiagnosed:*

       a.   *For which you have done or for which a reasonably prudent person would have done any of the following:*

           i.    *Consulted a physician or other licensed medical professional;*

           ii.   *Received medical treatment, services or advice;*

           iii.  *Undergone diagnostic procedures, including self-administered procedures;*

           iv.   *Taken prescribed drugs or medications;*

       b.   *Which, as a result of any medical examination, including routine examination, was discovered or suspected;*

       *at any time during the 90-day period just before your insurance becomes effective.*

   2.   *Exclusion*

       *You are not covered for a Disability caused or contributed to by a Preexisting Condition or medical or surgical treatment of a Preexisting Condition unless, on the date you become Disabled, you:*

       a.   *Have been continuously insured under the Group Policy for 12 months; and*

> b. Have been Actively At Work for at least one full day after the end of that 12 months."

## Continuity of Coverage

His Group Policy also has a Continuity of Coverage provision. It reads, in part, as follows:

### CONTINUITY OF COVERAGE

> "If your Disability is subject to the Preexisting Condition Exclusion, LTD Benefits will be payable if:
>
> 1. You were insured under the Prior Plan on the day before the effective date of your Participating Employer's coverage under the Group Policy;
>
> 2. You became insured under the Group Policy when your insurance under the Prior Plan ceased;
>
> 3. You were continuously insured under the Group Policy from the effective date of your insurance under the Group Policy through the date you became Disabled from the Preexisting Condition; and
>
> 4 Benefits would have been payable under the terms of the Prior Plan if it had remained in force, taking into account the preexisting condition exclusion, if any, of the Prior Plan."

The Preexisting conditions provision of Unum's policy, which is considered the Prior Plan, states that Preexisting conditions are not covered under the LTD plan. The Prior Plan states the following about Preexisting conditions:

"You have a pre-existing condition if:

-You receive medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the 6 months just prior to your effective date of coverage; and
-the disability begins in the first 24 months after your effective date of coverage unless you have been treatment free for 12 consecutive months after your effective date of coverage."

The Continuity of Coverage provision allows for employees of IGS Store Fixtures, Inc. to have continuity of their LTD coverage if they were insured under the Plan Prior. However, we have to determine if benefits would have been payable under the Prior Plan, including taking into account that policy's Preexisting condition exclusion.

Mr. Neff was insured under the Prior Plan with Standard Insurance Company, effective April 27, 2007. Under this plan, he was not insured for 24 months when he ceased work

on June 2, 2008 and was therefore subject to a Preexisting condition investigation. This would have been the case even if The Standard's plan had not gone into effect. We were therefore required to investigate his claim, according to the Prior Plan's terms of the Preexisting condition provision. We needed to determine if he received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines during the 6-month period prior to his insurance effective date under Unum. That exclusion period was October 27, 2006 through April 26, 2007.

If any conditions were found during both Preexisting condition exclusion periods, they would be excluded from coverage under both policies.

### Preexisting Condition Review

On February 4, 2008, which was during The Standard's Preexisting condition exclusion period, Dr. Steven Barrett evaluated Mr. Neff and the assessment was interstitial pulmonary fibrosis. Thus, this diagnosis was considered Preexisting under the Standard's LTD plan. The Standard then had to look at the Preexisting exclusion period under Unum's Prior Plan to determine if Mr. Neff's interstitial pulmonary fibrosis was considered Preexisting under that LTD plan, as well. As mentioned above, the exclusion period under Unum's plan was October 27, 2006 through April 26, 2007.

On November 3, 2006, which is during the Prior Plan's Preexisting condition exclusion period, Mr. Neff was evaluated by Dr. Richard Shusterman for pulmonary evaluation. The etiology of his bilateral pulmonary infiltrates was unknown; however, idiopathic pulmonary fibrosis was considered. The actual diagnosis of pulmonary fibrosis was not made until October of 2007, after a lung biopsy was done.

Please note that Unum's language does not require a diagnosis to be made to be considered Preexisting. A condition can be Preexisting if diagnostic measures are done for this condition. As noted during the visit of November 3, 2006, a CT scan was to be done in 6 weeks. A CT scan is a diagnostic measure used to investigate interstitial lung disease, including pulmonary fibrosis. This CT scan took place on December 27, 2006, which is still during Unum's Preexisting exclusion period. Discovered were "ground glass opacities in both lungs." The indication was of interstitial pulmonary infiltrates. The Standard had two Physician Consultants, both board-certified in internal medicine, review this file. The "glass opacities" were consisted with interstitial lung disease, including pulmonary fibrosis.

It should also be noted that pulmonary fibrosis is an interstitial lung disease. As indicated above, Mr. Neff was known to have an interstitial lung disease during both Preexisting exclusion periods. Thus, his interstitial lung disease is considered Preexisting and excluded from coverage under both plans. Though his pulmonary fibrosis was not diagnosed during Unum's Preexisting exclusion period, it did not have to be. Treatment and diagnostic measures did occur during both exclusion periods. A Physician Consultant confirmed that pulmonary fibrosis was a differential diagnosis during Unum's

Preexisting exclusion period. Thus, Mr. Neff is also not covered specifically for pulmonary fibrosis, as well.

## Conclusion

The Standard has made a good effort to evaluate Mr. Neff's claim for group LTD benefits. Based upon a medical review and taking into account the opinions of two Physician Consultants, The Standard finds that his pulmonary fibrosis, an interstitial lung disease, is Preexisting and is therefore not a covered condition.

We have found no basis to change the decision to deny his group LTD claim; however, we want to assure you our decision was fair and objective, taking into consideration all the information contained in his claim file and applying the relevant policy provisions.

You are entitled to copies of all documents, records, and nonprivileged information that The Standard relied on to administer Mr. Neff's group LTD claim. If you would like a copy of any additional information in his claim file, The Standard will provide you with this information without charge after you send a signed, written request. Please address your request to Ms. Naomi Haughton, Senior Disability Benefits Analyst.

Under Section 502(a) of the Employee Retirement Income Security Act (ERISA), you have the right to file suit.

The Standard reserves its right to consider and assert other reasons for limitation or denial of this claim in the future, should it become appropriate to do so.

You have now exhausted the administrative review procedure provided by the Group Policy. We hope this letter has adequately explained why group LTD benefits are not payable.

Sincerely,

*[signature]*

Steven Carman
Benefits Review Specialist
Administrative Review Unit

cc: Claim file